WILLIAM HAWES & another *vs.* JOSEPH 'MITCHELL & another.

The lien of a material-man on a ship, under *St.* 1855, *c.* 231, is dissolved by failure to file the certificate required by that statute within four days from the ship's departure from the port at which she is when the debt is contracted, although an attachment of the ship has been made before her departure, upon a petition to enforce the lien.

The right to enforce a lien on a ship by petition, under *St.* 1855, *c.* 231, may be contested by a party who has another lien thereon, although he does not seek to enforce his lien under the petition, but has libelled the ship in the district court of the United States.

PETITION under *St.* 1855, *c.* 231, to enforce a lien on the ship Orpheus, for materials furnished by the petitioners to the respondents, who had contracted to build the ship for Wm. F. Weld & Co. The petitioners never filed the certificate required by *St.* 1855, *c.* 231, § 2, but before the vessel was finished they attached her upon a process issued on this petition. Three days afterwards Young & Lewis, who duly filed such a certificate, and had a lien on the Orpheus for materials furnished before the plaintiff's attachment, and who were ignorant of this attachment, filed a libel against the Orpheus in the district court of the United States, (which is still pending,) and caused her to be attached by the United States marshal. The ship was afterwards released on a stipulation of Wm. F. Weld & Co., and proceeded to sea. Young & Lewis appeared and answered to this petition, against the objection of the petitioners. Upon these facts, which were agreed by the parties, the superior court dismissed the petition, and the petitioners appealed.

*W. C. Williamson,* for the petitioners.

*E. F. Hodges,* for the claimants.

METCALF, J. The *St.* of 1855, *c.* 231, § 1, gave to these petitioners a lien on the ship Orpheus. But the second section of that statute provides that " such lien shall be dissolved unless the person claiming the same shall file, within four days from the time such ship shall depart from the port at which she was at the time the debt was contracted, in the office of the clerk of the city or town within which such ship was at the time the debt was contracted, a statement, subscribed and sworn to

by himself or some person in his behalf, giving a just and true account of the demand claimed to be due him, with all just credits," &c. No such statement was filed by these petitioners within four days, or at any time, after the Orpheus departed from the port where she was when the debt claimed to be due to them was contracted.

It was argued for the petitioners, that the purpose of filing a statement of the demand claimed by them to be due is merely to give notice to the owners and buyers, and that the attachment of the ship on a process in which the lien thereon is set forth is equivalent to notice and more than a substitute for it, and that the lien was thereby preserved. But for whatever purpose the legislature required such a statement to be filed, inasmuch as the statute declares that the lien shall be dissolved unless he who claims it shall file such statement, the court cannot hold that any other act shall prevent its being dissolved.

The petitioners object, that their claim under this process cannot rightfully be contested by Young & Lewis. We think otherwise. When this process was commenced, Young & Lewis had a lien on the Orpheus, and have not since lost that lien. Three days afterwards, they filed a libel in the district court of the United States to enforce their lien, not then having any notice of these petitioners' proceedings. That libel is now pending in that court, awaiting, it is said, the decision in the present case. And after the numerous instances in which the courts of the United States have taken jurisdiction of cases in which the enforcement of a lien, given by state laws, on ships and vessels, has been sought from those courts, we cannot undertake to act upon an assumption that they have no jurisdiction. The decision of that question belongs to the supreme court of the United States. See *People's Ferry* v. *Beers,* 20 How. 393. Nor is it necessary, in the view which we take of the present case, that we should form any opinion on that matter; for we think that this petition must be dismissed, even if we deemed it certain that the district court has no jurisdiction of Young & Lewis's libel.

The *St* of 1855, *c.* 231, § 3, provides that a lien on a ship may

be enforced by petition, in the manner prescribed by the fourth and subsequent sections of the 117th chapter of the revised statutes concerning the lien of mechanics and others for the cost of repairs and improvements on real estate. By §§ 7 and 10 of that chapter, it is provided that the court to which a petition is presented shall order notice of the filing thereof to be given to all the other creditors, who have a lien of the same kind upon the same estate, of the time assigned for the hearing; and that upon the hearing every such creditor may appear and prove his claim, and shall have a right to contest the claim of every other creditor. In the present case, the court caused notice to be given to all persons interested in the subject matter of the petition, to appear before the court on a certain day, that they might then and there show cause why the petitioners' lien upon said ship (the Orpheus) should not be established, &c. Young & Lewis thereupon appeared, and showed for cause why the petitioners' lien should not be established, that it was dissolved. No other person claiming a lien appeared, either to contest the petitioners' lien or to enforce his own. The court therefore dismissed the petition.

No persons are authorized by *St.* 1855, *c.* 231, to commence a petition or libel to enforce a lien on a ship, or to prosecute such petition or libel after it is commenced, besides " persons having liens." As soon, therefore, as it was shown to the court that the petitioners no longer had a lien on the Orpheus, they could not be allowed to proceed any further. And we need not decide whether Young & Lewis might have come in, and, besides contesting the petitioners' lien, have proved their claims, and enforced their liens, under this petition, as they might under the Rev. Sts. *c.* 117, § 10. We are of opinion that they were not bound so to do. We think they have a right to seek the enforcement of their lien by the district court, on the libel which they *bona fide* filed in that court without notice of this petition. No injustice is thereby done to any one who has a lien on the Orpheus. If the district court takes jurisdiction of said libel, all other claimants of a lien will be heard, if they seasonably appear and present their claims. And if that court declines to take

jurisdiction, a new process may probably be instituted in the superior court, and all who have not then lost their liens may have opportunity to be heard.

Several questions were argued in this case which we have found it unnecessary to decide.

*Dismissal of the petition affirmed.*